# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDRICK LOVE,<br><br>　　　　　　Plaintiff,<br>vs.<br>L.E. SCRIBNER, Warden,<br><br>　　　　　　Defendant. | CASE NO. 06CV640 WQH (RBB)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

HAYES, Judge:

　　Pending before the Court is the Report and Recommendation (Doc. # 11) of Magistrate Judge Ruben B. Brooks, filed on September 7, 2006, recommending that the Court deny Petitioner Alfredrick Love's Petition for Writ of Habeas Corpus (Doc. # 1).

## BACKGROUND

　　After an August 27, 2001 prison riot at Calipatria State Prison, the State of California charged Petitioner with battery on a non-confined person for striking a Department of Corrections Officer. (Lodgment No. 1, Clerks Tr. Vol. 1 at 1C). Petitioner is Black, and was incarcerated at Calipatria State Prison at the time of the prison riot. In July of 2003, Petitioner's case proceeded to jury trial in state court, where Petitioner represented himself. (Lodgment No. 8). During jury selection, the trial judge excused or deferred service for every potential juror with a qualifying hardship. (Lodgment No. 9, Rep. Augmented Tr. vol. 5 at 126-63, 170-73). Of those venirepersons remaining after consideration of hardships, only one was Black. (Lodgment No. 9, Rep. Augmented Tr. vol. 5 at 372).

The prosecution used its eighth peremptory challenge to excuse the lone remaining Black venireperson. (Lodgment No. 9, Rep.'s Augmented Tr. vol. 6 at 368-69).

Petitioner made a timely objection to the prosecution's excusing the lone Black venireperson, arguing that the prosecution's peremptory challenge was racially motivated. (Lodgment No 9, Rep's Augmented Tr. vol. 6 at 371). The prosecution stated that the Black member of the jury panel was excused because,

> she's a social worker and eligibility worker. I excused both of those that I believed to be that. That is a personal – my personal jury selection. Teachers and social workers don't sit on the jury. I referred to Chris Kowalski's notes who was in original voir dire. It appears she was an eligibility worker. They are not favorable jurors to the prosecution.

(Lodgment No. 9, Rep. Augmented Tr. vol. 6 at 371). Petitioner responded by saying that,

> From my notes, she's not a teacher and social worker. The only thing about her background has been law enforcement, which makes it seem – conventionally she would be leaning toward the District Attorney. The only thing I can see that you would possibly dismiss her for is that she's African/American.

(Lodgment No. 9, Rep. Augmented Tr. vol. 6 at 372).

The state trial court denied Petitioner's challenge to the prosecution's use of its peremptory challenge on the grounds that Petitioner did not make out a prima facie case of purposeful discrimination because Petitioner was unable to show a "pattern" of racially motivated peremptory strikes. (Lodgment No. 9, Rep. Augmented Tr. vol. 6 at 372). Alternatively, the court denied Petitioner's challenge on the grounds that the prosecution stated a reasonable race-neutral explanation for excusing the lone remaining Black member of the jury pool. (Lodgment No. 9, Rep. Augmented Tr. vol. 6 at 372-73). On July 28, 2003, the jury convicted Petitioner.

On June 16, 2004, Petitioner filed an appeal, arguing that he was entitled to a new trial based upon the prosecution's racially motivated use of a peremptory challenge. (Lodgment No. 2, Appellant's Opening Brief at 8). The California Court of Appeal affirmed the conviction. (Lodgment No. 5). On March 22, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. (Doc. # 1). After reviewing the record, the Magistrate Judge filed the Report and Recommendation (Doc. # 11) recommending denial of Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1).

## STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and

recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report . . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

When no objections are filed, the district court may assume the correctness of the magistrate judge's factual findings and decide the motion on the applicable law. *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001), *citing Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1989). "When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report." *Morrison v. Cook*, Civil No. 97-57-ST, 1999 U.S. Dist. LEXIS 14233, at *1-2 (D. Ore. April 27, 1999), *citing McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). As Petitioner has filed general objections to the Report and Recommendation, the Court will review the Report and Recommendation *de novo*.

## DISCUSSION

Petitioner seeks habeas relief on the grounds that his due process rights were violated at trial when the prosecution excused the lone Black member of the jury pool with its eighth peremptory challenge. *See Batson v. Kentucky*, 476 U.S. 79 (1986). Petitioner argues that the prosecution's excusing the lone Black member of the jury pool was racially motivated, impermissible under *Batson*, and entitles him to a new trial.

As noted in the Report and Recommendation, a court reviewing a *Batson* challenge must undertake a three-step inquiry.

> First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. . . . Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination.

*Rice v. Collins*, ___ U.S. ___, 126 S. Ct. 969, 973-74 (2006), *citing Batson*, 476 U.S. at 98. In order to establish a prima facie case of discrimination, a defendant must produce evidence sufficient to permit the trial judge to draw an inference of discrimination. *Johnson v. California*, 545 U.S. 162,

170 (2005). "The Constitution forbids striking even a single prospective juror for a discriminatory purpose." *Williams v. Runnels*, 432 F.3d 1102, 1107 (2006) (citations omitted). In order prevail under *Batson*, a defendant has the burden of proving purposeful discrimination. *Batson*, 476 U.S. at 98.

A district court employs a deferential standard when reviewing a habeas petition's claims that were previously adjudicated by a state court on the merits. 28 U.S.C. § 2254(d). Under those circumstances, a district court only grants a habeas petition where the decision of the state court was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The district court reviews *de novo* claims where the state court utilized the improper standard. *Williams*, 432 F.3d at 1105. Here, the Magistrate Judge concluded, and this Court agrees, that the California Court of Appeal utilized the improper standard for evaluating whether Petitioner made a prima facie showing of discrimination under *Batson*. Accordingly, the Magistrate Judge correctly reviewed Petitioner's *Batson* claim *de novo*. Report & Recommendation at 14, *see Paulino v. Castro*, 371 F.3d 1083, 1090 (9th Cir. 2004).

The Magistrate Judge recommends denial of Petitioner's habeas petition because, notwithstanding the fact that the California Court of Appeal utilized the improper standard for making out a prima facie case, Petitioner failed to satisfy his burden of proving purposeful discrimination. After reviewing the record, the opinion of the California Court of Appeal, and the Report and Recommendation, the Court concludes that the Magistrate Judge's determination was correct. The prosecution provided a race-neutral explanation for striking the lone Black juror, and the record supports the Magistrate Judge's conclusion that Petitioner did not carry his burden of proving purposeful discrimination. The Magistrate Judge correctly determined that Petitioner is not entitled to an evidentiary hearing because, though a fully developed factual record exists, Petitioner did not satisfy any one of the six factors articulated in *Townsend v. Sain*, 372 U.S. 293, 313 (1963). *See Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005). The Court adopts the Report and Recommendation in its entirety.

After objecting to the Report and Recommendation, Petitioner filed a motion asking the Court to take judicial notice of the difficulties he has experienced in accessing the prison law library (Doc. # 14). After consideration of the motion and the relevant law, the Court concludes that it would not

be appropriate to take judicial notice of petitioner's access issues.  Petitioner's motion to take judicial notice (Doc. # 14) is **DENIED**.

### CONCLUSION

For the above reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. # 11) in its entirety.  Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1), motion to take judicial notice (Doc. # 14), and request for an evidentiary hearing are **DENIED**.  The Clerk of the Court shall enter judgment in favor of Respondent and close the district court case file.

DATED: January 19, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge