# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDRICK LOVE, <br><br>             Petitioner, <br>    vs. <br> L.E. SCRIBNER, Warden, <br><br>             Respondent. | CASE NO. 06cv640-WQH-RBB <br><br> ORDER |

HAYES, Judge:

The matter before the Court is Petitioner's Motion for Certificate of Appealability. (Doc. # 64).

## BACKGROUND

On March 22, 2006, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). On September 7, 2006, the Magistrate Judge issued a report and recommendation recommending that the Petition be denied. (Doc. # 11). On January 19, 2007, this Court adopted the report and recommendation and ordered judgment to be entered. (Doc. # 15).

On March 19, 2008, the Court of Appeals for the Ninth Circuit reversed the judgment. (Doc. # 25). The Ninth Circuit order stated:

> We ... reverse and remand for an evidentiary hearing to determine whether the prosecution struck Ms. M. from the jury because of her race. If, on remand, the district court finds discrimination, the petition shall be granted. If, however, the district court finds no discrimination, the judgment denying the petition shall be reinstated.

*Love v. Scribner*, 278 F. App'x 714, 718 (9th Cir. 2008).

On July 14, 2008, this Court referred the case to the Magistrate Judge following remand from the Ninth Circuit. (Doc. # 28). On March 12, 2009, the Magistrate Judge conducted an

evidentiary hearing. (Doc. # 43, 44-1).

On November 30, 2009, the Magistrate Judge issued a report and recommendation recommending that the Petition be granted. (Doc. # 55). On February 18, 2010, this Court adopted the report and recommendation in its entirety, except for two amendments requested by Petitioner. (Doc. # 60). The Court ordered "that the Petition for Writ of Habeas Corpus (Doc. # 1) will be **GRANTED**, unless the State of California grants Petitioner a new trial no later than 180 days from the date of this Order." (Doc. # 60 at 11).

On March 15, 2010, Respondent filed a Notice of Appeal to the Ninth Circuit. (Doc. # 61).

On March 16, 2010, Petitioner filed the Motion for Certificate of Appealability with this Court. (Doc. # 64).

## DISCUSSION

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Ninth Circuit has stated:

> [T]he issuance of a [certificate of appealability] is not precluded where the petitioner cannot meet the standard to obtain a writ of habeas corpus.... This general principle reflects the fact that the [certificate of appealability] requirement constitutes a gatekeeping mechanism that prevents [an appellate court] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [the appellate court] . . . of the potential merit of issues that may appear, at first glance, to lack merit.

*Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citing, *inter alia*, *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000) (a certificate of appealability should issue unless the claims are "utterly without merit")). "Upon the filing of a notice of appeal and a request for a certificate of appealability, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)).

The Court finds that Petitioner raised colorable, nonfrivolous, constitutional arguments with respect to whether the following rulings cumulatively denied Petitioner due process of law in fairly presenting and arguing the merits of his *Batson* claim:

1. The failure to treat the expansive definition of "teacher" to include teacher's aides as mandatory.

2. The failure to admit the transcript of the prosecutor's pre-hearing interview under Habeas Rule 7.

3. Assigning little weight to Petitioner's argument that the prosecutor misrepresented to the trial judge the consistency of his strikes against social workers.

4. Assigning little weight to Petitioner's argument that the fact that the first strike was against the only African-American is highly pertinent evidence of pretext.

## CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Application for a Certificate of Appealability is **GRANTED**.  (Doc. # 64).

DATED: March 18, 2010

**WILLIAM Q. HAYES**
United States District Judge